IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HEATHER D. KENNEDY,            )
                               )
        Plaintiff,         )
                               )
vs.                            )   Case Number CIV-04-1263-C
                               )
C-P INTEGRATED SERVICES INC.,  )
                               )
        Defendant.         )

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment. Plaintiff filed a Response, to which Defendant filed a Reply.[1] The matter is now at issue.

## I. BACKGROUND

Plaintiff brought the present action asserting a claim of gender discrimination. According to Plaintiff, despite the fact that positions, within the scope of her application and for which she was qualified, were available, Defendant refused to hire her due to her gender. Defendant filed the present motion asserting the undisputed facts make clear that Plaintiff's gender did not play any role in her non-selection for employment. Rather, Defendant argues, Plaintiff never applied for a position and even if she had, company policy, which prohibits

---

[1] Defendant filed a Motion to Strike contemporaneously with the filing of its Reply brief. In that motion, Defendant challenges the admissibility of certain evidence on which Plaintiff relies to support her arguments. Because Defendant raised the same arguments in its Reply brief, the Court's resolution of Defendant's Motion for Summary Judgment renders Defendant's Motion to Strike moot.

hiring relatives, would have prevented it from hiring Plaintiff because her husband was employed by Defendant at the time.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact."  Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.  Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  Celotex, 477 U.S. at 324.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed

in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

### III.  DISCUSSION

Plaintiff asserts she can demonstrate gender discrimination with both direct and circumstantial evidence.  According to Plaintiff, Doug Johnson, Jr., the supervisor at the job site where Plaintiff's husband worked, stated the front office would not allow him to hire a woman to drive a truck.  Plaintiff also offers the deposition testimony of Glen Vaughn and an affidavit from Donald Hawthorne.  The statements of Mr. Vaughn and Mr. Hawthorne do not provide evidence of discrimination by Defendant.  When read in its entirety, Mr. Vaughn's deposition testimony is clear that he made up the statement to "shut [Mr. Kennedy] up.  *Vaughn Depo. p. 21*.  Mr. Vaughn admits that he had not spoken to Mr. Parker, the alleged source of the policy.  Thus, this statement cannot be considered as support for Plaintiff's position.  As for Mr. Hawthorne's statement, it was made by a site supervisor at a location different from that where Plaintiff sought employment.  Further, there is nothing in the statement suggesting it reflected a company position.  Indeed, the supervisor's statement was that "he would never hire a woman."  Yet despite this assertion, Mr. Hawthorne's wife was eventually hired by Defendant.

Mr. Johnson's statement is different.  In its Reply, Defendant argues this statement cannot be considered because it is inadmissible hearsay.  As the Tenth Circuit has made clear, "[h]earsay testimony that would be inadmissible at trial may not be included in an affidavit to defeat summary judgment because '[a] third party's description of [a witness']

3

supposed testimony is not suitable grist for the summary judgment mill.'" Thomas v. Int'l Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). Here, however, Mr. Johnson's statement is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(C) or (D). In pertinent part that rule permits: "(C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ." Viewed in the light most favorable to Plaintiff, the evidence before the Court demonstrates that Mr. Johnson had, at a minimum, the authority to offer employment to applicants. Thus, a statement by Mr. Johnson regarding the scope of that authority, e.g., that he cannot hire women as truck drivers, was either an authorized statement or one made within the scope of his employment. Thus, the statement is not hearsay.

Next, the Court must resolve whether Mr. Johnson's statement constitutes direct evidence of discrimination. "Statements showing 'an existing policy which itself constitutes discrimination' are direct evidence of discrimination." Heim v. Utah, 8 F.3d 1541, 1546 (10th Cir. 1993) (quoting Ramsey v. City & County of Denver, 907 F.2d 1004, 1008 (10th Cir. 1990)). On the other hand, statements which are on their face expressions of personal opinion and not an existing policy are not direct evidence of discrimination. Ramsey, 907 F.2d at 1008. Here, the statements by Mr. Johnson, if believed by the jury, would establish Plaintiff's claim of discrimination. Therefore, they constitute direct evidence of discrimination.

Although the existence of direct evidence of discrimination is sufficient to submit the case to the jury, to assist the parties in clarifying the issues for trial, the Court will consider Plaintiff's circumstantial evidence arguments. To establish a prima facie case of discriminatory failure to hire, Plaintiff must show: "1) [s]he is a member of a [protected class]; 2) [s]he applied and was qualified for an available position; 3) [s]he was rejected despite those qualifications; and 4) the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991). Defendant argues that Plaintiff has failed to establish a prima facie case because she cannot satisfy the second[2] or fourth elements. The Court disagrees.

It is undisputed that Plaintiff submitted an application to Mr. Johnson. It is also undisputed that, although not proper procedure, it was common practice for supervisors such as Mr. Johnson to accept applications, hold them, and consider them when a position arose. Thus, when viewed in the light most favorable to Plaintiff, the evidence before the Court shows that Plaintiff applied for a position for which she was qualified and thereby satisfies the second element. As for the fourth, Plaintiff has submitted evidence demonstrating that after she submitted her application to Mr. Johnson, Defendant had openings in the positions for which Plaintiff applied.[3] Defendant counters by arguing those positions were filled not

---

[2] Defendant does not challenge Plaintiff's qualifications to perform the job.

[3] The challenges raised by Defendant in the Motion to Strike this evidence attack the sufficiency of the evidence and/or the credibility of the witness. Neither argument is properly resolved at this stage.

with new hires but by transferring employees from other job sites. Thus, the material facts are in dispute and resolution by summary judgment is improper.

Because Plaintiff has established a prima facie case, the burden shifts to Defendant to offer a legitimate non-discriminatory reason for not hiring Plaintiff. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Defendant offers two reasons for its failure to hire Plaintiff: (1) it did not know she had applied; and (2) company policy prevents hiring a relative of a present employee and Plaintiff's husband was already employed by Defendant.

The Court has already found the existence of a factual dispute regarding whether or not Defendant was aware of Plaintiff's application. In short, when viewed in the light most favorable to Plaintiff, the material facts demonstrate the person with the ability to recommend Plaintiff's hiring had received an application from her. Thus, this argument from Defendant fails to establish a legitimate non-discriminatory basis. However, it is clear the company policy was in existence at the time of Plaintiff's hiring and if followed would have prevented hiring Plaintiff. Thus, Defendant has offered a legitimate non-discriminatory reason for not hiring Plaintiff.[4] Therefore, the presumption of discrimination established in the prima facie case evaporates, and Plaintiff now has the burden of persuasion to show Defendant's proffered reason is pretext to conceal the fact that Defendant discriminated against her in its

---

[4] Defendant's burden is solely of production. It need only be facially nondiscriminatory, whether it is valid will be determined based on Plaintiff's evidence of pretext. See E.E.O.C. v. Flasher Co., Inc., 986 F.2d 1312, 1316, n. 4 (10th Cir. 1992) (partially overruled on other grounds in Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220 (10th Cir. 2000)).

employment decision on the impermissible basis of her gender.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993).

"A plaintiff may show pretext by demonstrating 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'"  Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999) (quoting Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997)).  In demonstrating that Defendant's reliance on the policy was pretext, Plaintiff offers deposition testimony from a number of employees of Defendant which make clear that Defendant's policy was not followed.  Viewed in the light most favorable to Plaintiff, the evidence is that during the time Plaintiff sought employment, Defendant had employees who were related as brother, as father and son, and as husband and wife.  Defendant has offered no basis to distinguish these employees from Plaintiff.  "When evidence indicates that an employer's proffered reason for taking an adverse action is false, a factfinder can decide that the employer was lying to mask its true unlawful purpose."  Wells v. Colorado Dep't of Transp., 325 F.3d 1205, 1217-1218 (10th Cir. 2003).  Thus, a reasonable jury could find that Defendant's reliance on its policy was merely a pretext to cover its discriminatory actions towards Plaintiff.

## IV.  CONCLUSION

As set forth more fully herein, Plaintiff has demonstrated there are questions of material fact regarding her claim of gender discrimination.  Consequently, Defendant's

Motion for Summary Judgment [Dkt. No. 32] is DENIED.  Defendant's Motion to Strike (Dkt. No. 41) is STRICKEN as moot.

IT IS SO ORDERED this 11th day of August, 2005.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge